IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT SZWEDA,

    Plaintiff,

v.

GUY REYNOLDS,

    Defendant.

ORDER

Case No. 16-cv-200-wmc

---

Plaintiff Robert Szweda has filed a proposed civil complaint in which he claims that defendant Guy Reynolds violated his federal civil rights. Because Szweda is proceeding without prepayment of the filing fee, the court is required to screen the complaint under 28 U.S.C. § 1915 to determine whether he may proceed with the case. Because he is a *pro se* litigant, he is held to a "less stringent standard" in crafting pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even under this lenient standard, however, Szweda may not proceed with this lawsuit unless he amends his complaint in a way that comports with Fed. R. Civ. P. 8 and establishes that federal subject matter jurisdiction exists.

OPINION

The allegations in Szweda's complaint are short and quite vague. Szweda states that he is suing under 28 U.S.C. § 1331, which provides federal courts with subject matter jurisdiction over claims alleging violation of federal law. He indicates that Reynolds works in Sauk County, Wisconsin, and alleges that, at or near Reynolds' workplace, Reynolds violated his federal rights and caused him physical injury and severe pain in late 2015 and early 2016. Szweda does not indicate as much, but Guy Reynolds is a Sauk County Circuit Court judge. Szweda does not provide any details about what Reynolds did, but in his request for relief, Szweda asks for an

1

order barring Reynolds from destroying, removing or altering "any more court documents as he has done in the past."

Szweda's complaint violates Rule 8 of the Federal Rules of Civil Procedure. Under that Rule, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that "the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). Szweda's complaint fails to include *any* facts showing that he is entitled to relief, and it also fails to provide Reynolds with fair notice of the grounds for Szweda's claims against him. Accordingly, it would be impossible for Reynolds to respond meaningfully to the complaint in its current form.

Reading the allegations in Szweda's complaint generously, the court could infer that Szweda is alleging that Reynolds was responsible for destroying Szweda's legal documents, and that his actions led to physical injury. Yet these inferences require too much speculation, and, even if the court did draw those inferences, they do not establish that this court has subject matter jurisdiction under § 1331. In particular, Szweda has not included any allegations about who Reynolds is, nor has he explained what records Reynolds destroyed and how the destruction of those records violated his rights under either federal law or the United States Constitution. Furthermore, he does not include any allegations describing how those acts caused physical injury and severe pain.

Because Szweda has failed to comply with Rule 8 and it is unclear that this court has subject matter jurisdiction under § 1331, he may not proceed with his lawsuit unless he files an amended complaint that fixes these problems. If Szweda chooses to file an amended complaint,

he should draft it as if he is telling a story to someone who knows nothing about his situation. This means that he should explain: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) how the court can assist him in relation to those events. Szweda should set forth his allegations in separate, numbered paragraphs using short and plain statements. After he finishes drafting his amended complaint, he should review it and consider whether it could be understood by someone who is not familiar with the facts of his case. If not, he should make necessary changes.

Szweda should take care to identify the specific actions taken by defendant Reynolds that he believes believe violated his federal rights. In doing so, he should bear in mind that any claims arising from actions Reynolds took as a judge will be dismissed because judges are entitled to absolute immunity from claims arising out of acts performed in the exercise of their judicial functions. *See Mireles v. Waco*, 502 U.S. 9, 10 (1991); *Stump v. Sparkman*, 435 U.S. 349, 355 (1978); *Dawson v. Newman*, 419 F.3d 656, 660-61 (7th Cir. 2005).

If Szweda does not provide an amended complaint that fixes the problems identified in this order by **June 30, 2017**, the presiding judge in this matter likely will dismiss the complaint and close this case. *Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011) ("[W]here the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy.")

ORDER

IT IS ORDERED that Plaintiff Robert Szweda may have until **July 17, 2017**, to file an amended complaint that establishes the court's subject matter jurisdiction and complies with Federal Rule of Civil Procedure 8 as described in this order. **If plaintiff fails to respond by that date, it is likely that the presiding judge will dismiss this action and order the clerk of court to close the case.**

Entered this 5th day of June, 2017.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge